IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Anthony L. Mann | ) | C/A No.: 0:13-cv-03309-RMG-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ANSWER OF DEFENDANTS** |
| | ) | (JURY TRIAL REQUESTED) |
| | ) | |
| | ) | |
| | ) | |
| William Byars, Director; All Members of | ) | |
| the Policy Development Dept. for SCDC; | ) | |
| and All Members of the Correspondence | ) | |
| Review Committee for SCDC, | ) | |
| | ) | |
| Defendants. | ) | |

TO:    ANTHONY L. MANN, #242498, *PRO SE* PLAINTIFF:

The Defendants named as "William Byars, Director; All Members of the Policy Development Dept. of the SCDC; [and] All Members of the Correspondence Review Committee for SCDC," by and through his undersigned attorneys, not waiving but specifically reserving their right to be heard under all Rule 12 Motions, answering the Complaint herein, would respectfully show unto the Court that:

## FOR A FIRST DEFENSE

1.    Plaintiff has failed to serve the Summons and Complaint in accordance with the South Carolina Rules of Civil Procedure.

2.    Plaintiff is barred from maintaining this lawsuit against Defendants pursuant to Rules 12(b)(2), (3), (4), (5), and (6) of the South Carolina Rules of Civil Procedure, as set forth in the motion to dismiss and also in the motion to change venue filed herewith.

1

**FOR A SECOND DEFENSE**

3. Defendants move to dismiss all Defendants pursuant to Rules 12(b)(1), (2), (4), (5), and (6) of the South Carolina Rules of Civil Procedure for lack of personal and subject matter jurisdiction, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted. Defendants also move to dismiss this action against them pursuant to South Carolina Tort Claims Act, S.C. Code Ann. §§15-78-10 *et seq.* on the grounds that Plaintiff has improperly named Defendants.

**FOR A THIRD DEFENSE**

4. Pursuant to Rule 12(b)(6) and the South Carolina Tort Claims Act, S.C. Code Ann. Section 15-78-10 *et seq.*, all references by Plaintiff seeking an award of costs or any costs or an award of punitive damages as sought in the Complaint should be dismissed and stricken since the Plaintiff cannot recover these damages from Defendants and Defendants hereby move for such relief and further assert the South Carolina Tort Claims Act and all code sections therein, S.C. Code Ann. §15-78-120, and all other applicable statutes as an affirmative defense.

**FOR A FOURTH DEFENSE**

5. Defendants move to dismiss this action as filed in State Court for improper venue pursuant Rule 82 of the South Carolina Rules of Civil Procedure. Within the State Court action, the proper venue would be Richland County, South Carolina. The proper venue for this action is the United States District Court, State of South Carolina, in the Columbia, South Carolina Division. Plaintiff's Complaint pleads that the alleged denial of rights occurred at the South Carolina Department of Corrections which is headquartered in the County of Richland, Columbia, South Carolina.

## **FOR A FIFTH DEFENSE**

7.     Each and every allegation contained within the Complaint not hereinafter specifically admitted, qualified, or explained is denied.

8.     The allegations in Section I, entitled "Preliminary Statement," of the Complaint can be neither admitted nor denied because they call for a legal conclusion.

9.     The allegations of Paragraph 1 of the Complaint can be neither admitted nor denied because they call for a legal conclusion

10.    Defendants are without knowledge or sufficient information to form a belief regarding the allegations of Paragraph 2 of the Complaint, and therefore deny the same.

11.    Deny the allegations of Paragraph 3 of the Complaint.

12.    Deny the allegations of Paragraph 4 of the Complaint as worded.

13.    Deny the allegations of Paragraph 5 of the Complaint.

14.    Defendants lack information to admit or deny the allegations of Paragraph 6 of the Complaint, and therefore deny the same.

15.    Deny the allegations of Paragraph 7 of the Complaint, as worded.

16.    Deny the allegations of Paragraph 8 of the Complaint.

17.    Defendants lack information to admit or deny the allegations of Paragraph 9 of the Complaint, and therefore deny the same.

18.    Deny the allegations of Paragraph 10 of the Complaint.

19.    Deny the allegations of Paragraph 11 of the Complaint.

20.    Defendants deny the allegations of Paragraph 12 of the Complaint.

21. The allegations of Paragraph 13 of the Complaint can be neither admitted nor denied and therefore Defendants herein reassert and re-allege their answers to the prior allegations of the Complaint as set forth above.

22. Deny the allegations of Paragraphs 14 and 15 of the Complaint.

23. The Defendants deny all remaining allegations contained in Plaintiff's purported "Prayer for Relief," including, but not limited to, denying Paragraphs 16, 17, 18, 19, 20, 21, 22, and 23 the Complaint, and specifically those contained in the Paragraph beginning WHEREFORE, including Plaintiff's prayer for both actual and punitive damages, and further deny that Plaintiff is entitled to judgment of any nature, at law or in equity, in this action.

## FOR A SIXTH DEFENSE

24. Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action or claim upon which relief may be granted against Defendants and should be dismissed under Rule 12(b)(6).

## FOR A SEVENTH DEFENSE

25. The Complaint fails to state a cause of action against Defendants, and the Complaint fails to state a claim against Defendants upon which relief can be granted.

## FOR AN EIGHTH DEFENSE

26. The Complaint shows on its face that any alleged Federal questions or state law claims by the Plaintiff are frivolous and insubstantial.

## FOR A NINTH DEFENSE

27. Defendants did not violate any clearly established federal, statutory, or constitutional rights, and are entitled to qualified immunity as a complete bar to any federal claims against them in this action as a matter of law.

**FOR A TENTH DEFENSE**

28. That at all times relevant hereto, Defendants, acting as or through governmental officials, were engaged in the performance of their official duties and at no time violated any clearly established constitutional rights which were known or should have been known to them; therefore they are entitled to qualified immunity as a matter of law.

**FOR A ELEVENTH DEFENSE**

29. That at all times relevant hereto, Defendants were acting as or through governmental officials, performing discretionary functions and actions which could reasonably have been thought consistent with the rights of Plaintiff and for which they is alleged to have violated, and they are therefore entitled to qualified immunity as a matter of law.

**FOR A TWELFTH DEFENSE**

30. To the extent Plaintiff has alleged a cause of action under 42 U.S.C. § 1983 against state agencies or individuals in their official capacities, Plaintiff's claims are barred by the Eleventh Amendment to the U.S. Constitution and must be dismissed.

**FOR A THIRTEENTH DEFENSE**

31. That at all times relevant hereto, the Defendants, acting as or through governmental officials, were acting in good faith and within the course and scope of their official duties as officers or officials of the State of South Carolina, and are therefore immune from suit based upon the allegations alleged in the Complaint.

**FOR A FOURTEENTH DEFENSE**

32. That Defendants, acting as or through governmental officials, at all times relevant hereto, and during the performance or nonperformance of the acts alleged in the Complaint, did

not perform any acts or fail to perform any acts in bad faith, in a malicious manner, or with corrupt motives, and Defendants are therefore immune from suit.

## **FOR A FIFTEENTH DEFENSE**

33. To the extent that Plaintiff's Complaint is interpreted to assert a claim or claims under the South Carolina Tort Claims Act, which Defendants expressly deny, Defendants assert as follows: That at all times relevant hereto, Defendants were acting as or through employees, officers and officials of the State of South Carolina, engaged in the performance of their official duties, and are therefore immune from liability pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. §15-78-10 *et seq.* Further, Defendants affirmatively plead and assert all conditions of recovery, exceptions to waiver of immunity, limitations of liability, and limitations as to damages, caps as to damages and statutes of limitations as set forth in the South Carolina Tort Claims Act. The SCDC and its employees are specifically immune pursuant to S.C. Code Ann. §15-78-60(1), (2), (3), (4), (5), (17), (20), (21), (23) and (25).

34. Further, any damages or injuries or otherwise that the Plaintiff suffered, which are hereby denied, would be limited by any cap on recovery as set forth in S.C. Code Ann. §15-78-120.

35. The South Carolina Tort Claim Act, S.C. Code Ann. §15-78-120(b), bars the recovery of punitive damages in actions brought pursuant to the Tort Claims Act. Accordingly, Plaintiff cannot recover punitive damages on any state law claims.

36. Defendants affirmatively assert that some or all of Plaintiff's claims are barred by the two-year statute of limitations as set forth at S.C. Code Ann. §15-78-110.

6

**FOR A SIXTEENTH DEFENSE**

37. That at all times relevant herein, Defendants were acting according to and in compliance with specific laws, rules and regulations of the State of South Carolina and the South Carolina Department of Corrections, and are therefore immune from suit and plead such statutory or regulatory authorization as a complete defense and bar to the within cause of action.

**FOR A SEVENTEENTH DEFENSE**

38. The conduct of the Defendants was not the proximate cause of any injuries or damages as alleged in the Complaint which acts as a bar to this action.

**FOR A EIGHTEENTH DEFENSE**

39. That, upon information and belief, any damages and injuries as alleged in the Complaint were due to and caused by the negligence, gross negligence, willfulness and wantonness of the Plaintiff in failing to exercise due care, or any care whatsoever for the protection of his own safety.

**FOR A NINETEENTH DEFENSE**

40. Defendants deny any negligence whatsoever and allege that the sole negligent acts and omissions of Plaintiff were the sole and proximate cause of his own injuries and the injuries to the Plaintiff, if any.

**FOR A TWENTIETH DEFENSE**

41. These acts and omissions by Plaintiff were the sole and proximate cause of injuries, if any, to the Plaintiff and therefore the action against Defendants should be dismissed.

**FOR A TWENTY-FIRST DEFENSE**

42. Defendants would further show, upon information and belief, and in the alternative, that if Defendants were negligent, which Defendants expressly deny, then the

7

Plaintiff or his agent was likewise negligent and the Plaintiff's negligence, carelessness and recklessness directly and proximately caused the Plaintiff's or his agent's damages and injuries and that the Plaintiff's or his agent's negligence, carelessness and recklessness exceed any negligence, carelessness recklessness on the part of Defendants and therefore, Defendants plead the Plaintiff's greater degree of comparative fault as a complete bar to Plaintiff's recovery against Defendants.

## FOR A TWENTY-SECOND DEFENSE

42.     If Defendants were negligent in any respect, which is expressly denied, and if Defendants' conduct operated as any cause of the Plaintiff's injuries or damages, if any, which is also expressly denied, Defendants are entitled to a determination as to the percentage of the Plaintiff's negligent, grossly negligent, reckless, willful and wanton conduct contributed to this incident and to a reduction of any amount awarded to the Plaintiff equal to the percentage of the Plaintiff's own negligence, gross negligence, recklessness, willful and wanton conduct.

## FOR A TWENTY-THIRD DEFENSE

43.     Defendants deny any negligence whatsoever and allege that the sole negligent acts of a third party or parties were the sole and proximate cause of injuries and damages to the Plaintiff, if any, and any one or more of those parties caused the injuries and damages to the Plaintiff.  The identity of that party or parties is unknown at this time but will be supplemented as discovery progresses.

## FOR A TWENTY-FOURTH DEFENSE

44.     These acts and omissions by the third party or parties were the sole and proximate cause of any injuries or damages to the Plaintiff and therefore the action should be dismissed.

**FOR A TWENTY-FIFTH DEFENSE**

45.	Defendants assert that even if they were negligent and reckless in any respect, which is expressly denied, they are not liable to the Plaintiff for the resulting damages, if any, because of the intervening negligent, grossly negligent, reckless, willful and wanton acts of third parties, including those parties whose identities are unknown at the present time, which negligent and reckless acts on their part were not reasonably foreseeable, and intervened and acted as the direct and proximate cause of the damages, if any, sustained by the Plaintiff.

**FOR A TWENTY-SIXTH DEFENSE**

46.	Defendants assert that the intervening acts of the third party or parties were the sole and proximate cause of injuries to the Plaintiff and the action should be dismissed.

**FOR A TWENTY-SEVENTH DEFENSE**

47.	Any injury or damage sustained by the Plaintiff as a result of the matters alleged in the Complaint could not be avoided, and Defendants plead an unavoidable accident as a complete bar to this action.

**FOR A TWENTY-EIGHTH DEFENSE**

48.	Any injury or damage sustained by the Plaintiff as a result of the matters alleged in the Complaint were a proximate result of one or more independent or intervening causes which Defendants affirmatively plead as a complete bar to this action.

**FOR A TWENTY-NINTH DEFENSE**

49.	Any injury or damage sustained by the Plaintiff as a result of the matters alleged in the Complaint were caused or occasioned by events over which Defendants had no control or right of control, thereby relieving Defendants from any liability or responsibility herein.

**FOR A THIRTIETH DEFENSE**

50. Any allegations of Plaintiff which may be construed as a claim for punitive damages are unconstitutional and violate Defendants' constitutional rights under the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America.

**FOR A THIRTY-FIRST DEFENSE**

51. Plaintiff has failed to establish the prerequisites for an award of declaratory judgment or declaratory relief and all claims for such judgment or relief should be denied.

**FOR A THIRTY-SECOND DEFENSE**

52. That at all times relevant hereto, Defendants were governmental officials performing discretionary functions and actions which could reasonably have been thought consistent with the rights of Plaintiff which they is alleged to have violated, and Defendants are therefore entitled to qualified immunity as a matter of law.

**FOR A THIRTY-THIRD DEFENSE**

53. Defendants assert that the principle of respondeat superior does not apply to actions brought pursuant to 42 U.S.C. §1983.

**FOR A THIRTY-FOURTH DEFENSE**

54. Plaintiff's claims are barred by the applicable statute(s) of limitation.

**FOR A THIRTY-FIFTH DEFENSE**

55. Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

**FOR A THIRTY-SIXTH DEFENSE**

56. That the Defendants did not breach any duties owed to Plaintiff nor did the Defendants commit any acts or omissions which proximately caused any injuries to the Plaintiff, if any.

**FOR A THIRTY-SEVENTH DEFENSE**

57. Plaintiff has failed to exhaust his readily available administrative and state court remedies.

**FOR A THIRTY-EIGHTH DEFENSE**

58. Defendants deny that the matters asserted by the Plaintiff in the Complaint fall within the purview of 42 U.S.C. §1983. The Defendants deny that any constitutional rights of the Plaintiff have been violated and deny that the Defendants are, in any way, responsible for any willful or malicious acts towards Plaintiff.

**FOR A THIRTY-NINETH DEFENSE**

59. That at all times relevant hereto, Defendants were acting as the State of South Carolina or through employees, officers, and officials of the State of South Carolina, engaged in the performance of their official duties, and are therefore immune from liability and cannot be sued without an express waiver of sovereign immunity.

**FOR A FORTIETH DEFENSE**

60. Plaintiff has failed to exhaust his readily available grievances and/or administrative remedies and/or State Court remedies prior to the initiation of this action; therefore, this action must be dismissed.

**FOR A FORTY-FIRST DEFENSE**

61.     Defendants assert that even if any of Plaintiff's allegations were true, which Defendants expressly deny, any censorship of prisoner mail (such as Plaintiff's prisoner mail) was and is justified in this instance because any policy, custom, position, decision, standard, rule, or regulation relating to prisoner mail in this instance, if any occurred (which is denied), furthers an important or substantial governmental interest unrelated to the suppression of expression, and any limitation of First Amendment freedoms in this instance, if any occurred (which is denied), is no greater than is necessary to the protection of the particular governmental interest in this instance, such governmental interest including but not limited to legitimate penological interests.

**FOR A FORTY-SECOND DEFENSE**

62.     Defendants assert that Plaintiff's Constitutional rights were not violated. Defendants further assert that even if any of the Plaintiff's allegations are true, which Defendants expressly deny, and if any policy, custom, position, decision, standard, rule, or regulation relating to prisoner mail has impinged upon Plaintiff's Constitutional rights, which Defendants expressly deny, such policy, custom, position, decision, standard, rule, or regulation was and is valid because it is reasonably related to legitimate penological interests.

**FOR A FORTY-THIRD DEFENSE**

63.     Defendants assert that there is a rational connection between the alleged prison policy, custom, position, decision, standard, rule, or regulation at issue and a legitimate penological objective, and thus, any alleged prison policy, custom, position, decision, standard, rule, or regulation at issue is valid.

64.     Defendants assert that alternative avenues exist for exercising the Plaintiff's asserted Constitutional right that he contends has been limited, such alleged limitation having

been done ostensibly by any alleged prison policy, custom, position, decision, standard, rule, or regulation at issue in this case. Therefore, since alternative avenues exist for exercising the asserted Constitutional right, any alleged prison policy, custom, position, decision, standard, rule, or regulation at issue is valid.

65.     Defendants assert that the impact of accommodating the Plaintiff's asserted right on prison resources, correctional officers, staff, and/or inmates would burden guards, inmates, and prison resources, and thus, any alleged prison policy, custom, position, decision, standard, rule, or regulation at issue is valid.

66.     Defendants assert that any alleged prison policy, custom, position, decision, standard, rule, or regulation at issue is reasonable under the circumstances, and is not an exaggerated response to prison concerns, and thus, the alleged prison policy, custom, position, decision, standard, rule, or regulation at issue is valid.

## FOR A FORTY-FORTH DEFENSE

67.     Defendants assert that Plaintiff's Constitutional rights were not violated. Defendants assert that even if any of the Plaintiff's allegations are true, which Defendants expressly deny, and if any alleged prison policy, custom, position, decision, standard, rule, or regulation at issue has somehow limited or impinged upon Plaintiff's Constitutional rights, which Defendants expressly deny, in determining the propriety of a prison policy, custom, position, decision, standard, rule, or regulation, deference to prison administrator(s)'s decisions and opinions is required. Thus, any alleged prison policy, custom, position, decision, standard, rule, or regulation at issue is valid.

## FOR A FORTY-FIFTH DEFENSE

68. Defendants assert that there are proper procedural safeguards for inmate correspondence of a personal nature, and thus, any alleged prison policy, custom, position, decision, standard, rule, or regulation at issue is valid.

69. Defendants assert that even if any of the Plaintiff's allegations are true, which Defendants expressly deny, Plaintiff admits in his Complaint at paragraphs (7) and (8) that he received notice of any review or rejection or return of a letter written by or addressed to him and thus, any alleged prison policy, custom, position, decision, standard, rule, or regulation at issue is valid.

70. Defendants assert that even if any of the Plaintiff's allegations are true, which Defendants expressly deny, Plaintiff, who states in his Complaint at paragraphs (6), (7) and (8) that he was the author of the letter at issue in his Complaint, was given reasonable opportunity to protest any action regarding this letter, and thus, any alleged prison policy, custom, position, decision, standard, rule, or regulation at issue is valid.

71. Defendants assert that even if any of the Plaintiff's allegations are true, which Defendants expressly deny, Plaintiff's complaints were referred to a prison official other than the person who originally disapproved the correspondence at issue and thus, any alleged prison policy, custom, position, decision, standard, rule, or regulation at issue is valid.

## FOR A FORTY-SIXTH DEFENSE

72. Defendants assert that even if any of the Plaintiff's allegations are true, which Defendants expressly deny, Defendants examined any plausible private interests that would be affected, and thus, any alleged prison policy, custom, position, decision, standard, rule, or regulation at issue is valid.

73.     Defendants assert that even if any of the Plaintiff's allegations are true, which Defendants expressly deny, Defendants examined the risk of any erroneous deprivations of any plausible private interests as well as the probable value, if any, of additional or substitute procedural safeguards; thus, any alleged prison policy, custom, position, decision, standard, rule, or regulation at issue is valid.

74.     Defendants assert that even if any of the Plaintiff's allegations are true, which Defendants expressly deny, Defendants have a legitimate governmental interest, including but not limited to legitimate penological interests, and have weighed competing interests, to include the functions involved and the administrative burdens that the additional or substitute procedural requirement would entail; thus, any alleged prison policy, custom, position, decision, standard, rule, or regulation at issue is valid.

**FOR A FORTY-SEVENTH DEFENSE**

75.     The Defendants would show that the Plaintiff's claims are barred by the doctrines of waiver and estoppel.

**FOR A FORTY-EIGHTH DEFENSE**

76.     The Defendants would show that the Plaintiff's claims are barred by the doctrine of unclean hands.

**FOR A FORTY-NINTH DEFENSE**

77.     Such damages or loss as the Plaintiff sustained, if any, and the same is hereby expressly denied, were due to and caused by the contributory negligence, carelessness, recklessness and wantonness of Plaintiff and the Defendants plead Plaintiff's contributory negligence as a complete bar to the action.

## FOR A FIFTIETH DEFENSE

78. Each Defendant is not a "person" within the meaning of the term as used in 42 U.S.C §1983, and therefore is not subject to suit.

## FOR A FIFTY-FIRST DEFENSE

79. Plaintiff cannot maintain this lawsuit pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). Plaintiff has, on 3 or more prior occasions, while incarcerated, brought an action in a Court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted.

80. Accordingly, Defendants plead three strikes rule of the PLRA set forth at 28 U.S.C. § 1915(g), and respectfully request that the Court dismiss this action because Plaintiff is unable to pursue a lawsuit herein.

WHEREFORE, having answered the Complaint of Plaintiffs, Defendants pray that Plaintiff's action be dismissed and for such other and further relief as the Court deems just and proper, or in the alternative, for a jury trial on all issues so triable.

Respectfully submitted,

**/s/ Daniel R. Settana, Jr.**
Daniel R. Settana, Jr., Fed. ID No. 6065
Janet Brooks Holmes, Fed. ID No. 4822
Meghan Hazelwood Hall, Fed. ID. No. 11720
McKay, Cauthen, Settana & Stubley, P.A.
1303 Blanding Street
P.O. Drawer 7217
Columbia, SC   29202
(803) 256-4645
Attorneys for Defendant

Columbia, South Carolina
November 26, 2013