IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony L. Mann, | C/A No. 0:13-3309-RMG-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| William Byars, *Director*; All Members of the Policy Development Dept. of SCDC; and All Members of the Correspondence Review Committee for SCDC, | |
| Defendants. | |

The plaintiff, Anthony L. Mann ("Mann"), a self-represented state prisoner, filed a Complaint in the Court of Common Pleas in Dorchester County raising state law claims as well as asserting a violation of his constitutional rights under the First Amendment. The defendants removed the case to federal district court pursuant to 28 U.S.C. § 1441, asserting jurisdiction based upon 28 U.S.C. § 1331. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Mann's objections to the defendants' removal of this action, which the court has interpreted as a motion to remand. (ECF No. 16.) Having reviewed the parties' submissions, the court finds that Mann's motion for remand should be granted.

**DISCUSSION**

**A.     Motion to Remand**

A removing party has the burden to establish the existence of federal jurisdiction. Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994) (citing Wilson v. Republic

Iron & Steel Co., 257 U.S. 92, 97 (1921)).  The removal statute, 28 U.S.C. § 1441, must be strictly construed and doubts must be resolved in favor of remand.  See Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34, 336 (4th Cir. 2008).  For federal jurisdiction to lie, a right or immunity created by the Constitution or the laws of the United States must be an essential element of the plaintiff's claim.  Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936).  It is well settled that the determination of federal question jurisdiction is governed by the "well-pleaded complaint rule," which requires for the exercise of federal jurisdiction based upon 28 U.S.C. § 1331 that a federal question be presented on the face of the plaintiff's well pleaded complaint.  Harless v. CSX Hotels, Inc., 389 F.3d 444 (4th Cir. 2004) (citing Aetna Health Inc. v. Davila, 542 U.S. 200 (2004)); see also King v. Marriott Int'l, Inc., 337 F.3d 421 (4th Cir. 2003).  Only actions that could have been originally filed in federal court may be removed from state court.  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  The plaintiff is the master of the complaint and may avoid federal jurisdiction by exclusively relying upon state law.  Id.

**B.     Mann's Arguments**

In his filing, Mann objects to the removal of his case and argues that his case was initially filed in state court because it involved "state grounds" and that "the State of South Carolina has the jurisdiction and the right to hear the claim(s) arising in this matter." (ECF No. 16 at 1.)  He also appears to argue that the claims in his case involve issues of state law, and cites to portions of the South Carolina Code of Laws and the South Carolina State Constitution.  (Id.)  Review of Mann's Complaint as filed in state court reveals multiple references to, among other claims, a claim pursuant to the "First Amendment of the United States Constitution" in which he alleges his right to free speech was violated when his attempt to correspond with a penpal service was refused.  (ECF No.



1-1 at 5-7.) However, all of Mann's filings in this matter subsequent to the removal clearly reference only state law claims and, if fact, argue vehemently that his intent was to have his Complaint heard in state court and on state grounds. (See generally ECF Nos. 15, 16, & 18.)

Even if Mann were to attempt, post-removal, to excise any federal claim from his Complaint, many courts and scholars have concluded that a plaintiff cannot force a remand to state court by waiving his federal claims. See, e.g., Williams-Ward v. Lorenzo Pitts, Inc., 908 F. Supp. 48 (D. Mass. 1995); 14B Charles Alan Wright et al., Federal Practice and Procedure § 3721 at 63-66 ("[A] plaintiff cannot destroy federal question jurisdiction by dismissing federal question claims."). Of course, should Mann's federal claims be dismissed for any reason, the court may exercise its *discretion* to decline to exercise supplemental jurisdiction over Mann's state law claims and remand the case to state court under 28 U.S.C. § 1367(c). See § 1367(c); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988) (discussing court's discretion and balancing factors in decision whether to exercise pendent jurisdiction after removal). As discussed above, Mann's filings clearly express an intent to proceed only with his state law claims. Accordingly, the court interprets Mann's filings as unequivocally abandoning any federal claims and recommends that the court exercise its discretion to remand the state law claims pursuant to 28 U.S.C. § 1367(c).

## RECOMMENDATION

Based on the foregoing, the court concludes that this case should not be remanded for lack of subject matter jurisdiction. The defendants appear to have properly removed this action based on the allegations contained in the Complaint. Nonetheless, in light of the fact that the only causes of action the plaintiff wishes to pursue in the case constitute matters of state law, the court recommends that Mann's request for a remand should be granted pursuant to the court's discretion under 28



U.S.C. § 1367(c). The court further recommends that all pending motions in this case should be decided by the state court upon remand.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 16, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).