# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony L. Mann, | ) |
|     Plaintiff, | ) No. 0:13-cv-3309-RMG |
| vs. | ) **ORDER** |
| William Byars, Director; All Members of the Policy Development Dept. of SCDC; and All Members of the Correspondence Review Committee for SCDC, | ) |
|     Defendants. | ) |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 24), recommending that this action be remanded to state court. For the reasons stated below, the Court declines to adopt the R & R and denies Plaintiff's motion to remand.

## I. Background

Plaintiff filed this action in state court "for Damages and Relief under § 15-78-10, et. seq., Article 1, § 2 of the South Carolina Constitution and the First Amendment of the United States Constitution." (Dkt. No. 1-1 at 5). Plaintiff asks for a declaration that Defendants have violated his rights under both the South Carolina and United States Constitution, an injunction, and damages. (*Id.* at 7). Because Plaintiff alleged violations of his First Amendment rights, Defendants removed this action to federal court. (Dkt. No. 1 at 2).

Plaintiff filed an Objection to Defendants' Notice of Removal (Dkt. No. 15), which the Defendants, the Magistrate Judge and this Court interpret as a motion for remand. In this

1

motion, Plaintiff states that he "filed the present case in state court on state grounds and asks that this Honorable Court return this case to state court." (Dkt. No. 15 at 1). The Magistrate Judge interpreted Plaintiff's filings[1] as unequivocally abandoning any federal claims and recommended that the Court exercise its discretion to remand the state law claims to state court. (Dkt. No. 24 at 3). Defendants object to the R &R requesting that the Court dismiss Plaintiff's clearly pled federal claims with prejudice or continue hear those claims until they are formally adjudicated. (Dkt. No. 27 at 1).

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*; *accord* Fed. R. Civ. P. 72. This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

## III. Discussion

The Court agrees with the Magistrate Judge that it has the discretion to decline to exercise supplemental jurisdiction over Plaintiff's state law claims should Plaintiff's federal claims be

---

[1] In addition to the Objection to Notice of Removal, Plaintiff has filed responses to Defendant's three motions to dismiss. (Dkt. Nos. 16, 18, 20).

2

dismissed for any reason. *See* 28 U.S.C. § 1367(c). However, the Court does not interpret Plaintiff's filings as unequivocally abandoning his federal claims. Plaintiff clearly desires to proceed in state court, but it is not clear to this Court whether the *pro se* Plaintiff wishes to abandon his federal claims or whether he believes that he can proceed in state court because he has pled state law causes of action in addition to his federal one(s).

*Pro se* complaints are construed liberally to allow the development of meritorious claims, and Plaintiff has clearly pled that his First Amendment rights have been violated. The Court is not prepared to dismiss this claim absent Plaintiff's clear intention to do so. Should Plaintiff amend his Complaint to exclude federal causes of action or file a notice of dismissal of his federal claims,[2] then this Court could exercise its discretion to decline jurisdiction over the remaining state law claims. However, as long as Plaintiff's federal claims are pending, this Court has a "virtually unflagging obligation" to exercise its jurisdiction over them. *Gannett Co., Inc. v. Clark Const. Group, Inc.*, 286 F.3d 737, 741 (4th Cir. 2002) (quoting *Colorado River Water Consv. Dist. v. United States*, 424 U.S. 800, 817 (1976)).

//
//
//
//
//
//

---

[2] Because Defendants have not yet answered or filed a motion for summary judgment, Plaintiff may dismiss federal causes of actions by simply filing a notice of dismissal. *See* Fed. R. Civ. P. 41(a)(1).

## IV. Conclusion

For the reasons stated above, the Court declines to adopt the R & R and DENIES

Plaintiff's motion to remand (Dkt. No. 15).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

June 3, 2014
Charleston, South Carolina