IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony L. Mann, | ) |
|     Plaintiff, | ) No. 0:13-cv-3309-RMG |
| vs. | ) **ORDER** |
| William Byars, Director; All Members of the Policy Development Dept. of SCDC; and All Members of the Correspondence Review Committee for SCDC, | ) |
|     Defendants. | ) |

The Magistrate Judge interpreted Plaintiff's prior filings in this case as unequivocally abandoning any federal claims and issued a Report and Recommendation (R & R) recommending that the Court exercise its discretion to remand the state law claims to state court. (Dkt. No. 24). This Court declined to adopt the R & R, stating that it was not clear whether Plaintiff intended to abandon his federal claims or believed that he could proceed in state court because he had pled state law causes of action in addition to his federal one(s). (Dkt. No. 30).

After this Court issued its order declining to adopt the R & R, Plaintiff filed a Reply to Defendants' Objections to the R & R, stating "Plaintiff has made it abundantly clear he intended to proceed under state law and state constitution. And if it is necessary for Plaintiff to specifically state that he relinquishes the federal claim, then he hereby does so now." (Dkt. No. 33) (emphasis in original). Given this unequivocal statement by Plaintiff that he abandons his federal claims, the Court **VACATES** its June 3, 2014 Order (Dkt. No. 30) and **ADOPTS** the R & R

1

(Dkt. No. 24). Accordingly, Plaintiff's federal claims are **DISMISSED WITH PREJUDICE**.[1]

The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(c) and **REMANDS** the remaining state law claims to the Dorchester County Court of Common Pleas.[2]

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

June 22, 2014
Charleston, South Carolina

---

[1] *See Thomas v. County of Dorchester*, 2:10-cv-1410, 2010 WL 3585640 at *1 (D.S.C. June 24, 2010), *adopted by* 2010 WL 3610154 (D.S.C. Sept. 13, 2010) ("[I]f the plaintiff wants to abandon these claims, they should be forfeited with prejudice."); *see also Gray v. Johnson*, 436 F. Supp. 2d 795, 797 n.1 (W.D.Va. 2006) (dismissing abandoned claims with prejudice).

[2] The pending motions can be addressed by the state court upon remand.

2